UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO ALONSO,<br><br>        Petitioner,<br><br>  v.<br><br>THE PEOPLE,<br><br>        Respondent. | 1:12-cv—00359-SKO-HC<br><br>ORDER DISMISSING PETITIONER'S STATE LAW CLAIM CONCERNING DENIAL OF SEVERANCE PURSUANT TO CAL. PEN. CODE § 954 (DOC. 1)<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION TO NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER  (Doc. 1)<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES (Doc. 1)<br><br>**DEADLINE: 30 DAYS** |

    Petitioner is proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 22, 2012 (doc. 4).  Pending before the Court is the petition, which was filed on March 9, 2012.

1

I.   <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient. Instead, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v.</u> <u>Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.

2

Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Failure to Name a Proper Respondent

Petitioner has named "The People" as Respondent.  Petitioner is incarcerated at the KVSP located in Delano, California.  The warden at that facility is Martin Biter.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison where the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360.  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).

In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

### III. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner may satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the factual and legal basis for the claim. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,

5

> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the unexhausted claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). The Court must, however, give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir.

1  1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221
2  F.3d 1074, 1077 (9th Cir. 2000).
3       Here, Petitioner alleges that he is an inmate of the Kern
4  Valley State Prison (KVSP) serving a sentence of fifty-four years
5  to life imposed in the Tulare County Superior Court in June 2009
6  for attempted murder with gang and gun enhancements.  (Pet. 2.)
7  Petitioner raises the following claims in the petition:  1) the
8  trial court abused its discretion in denying Petitioner's motion
9  to sever counts 1 and 2 from counts 3 through 7 because counts 3
10 through 7 were not eligible for joinder under Cal. Pen. Code
11 § 954; 2) the failure to sever and the introduction of
12 inflammatory gang predicate evidence violated Petitioner's right
13 to due process and a fair trial; 3) the prosecutor committed
14 prejudicial misconduct by vouching for two key prosecution
15 witnesses and impeaching a defense witness with a non-existent
16 criminal offense, which violated Petitioner's Fourteenth
17 Amendment right to due process and a fair trial; 4) trial
18 counsel's failure to impeach witness Rodriguez with prior
19 convictions, request an instruction limiting use of the evidence
20 of gang activity, object to the court's directions regarding gang
21 expert testimony, object on the basis of due process and pursuant
22 to Cal. Evid. Code § 352 to predicate crime gang evidence,
23 request an in-custody protective instruction, object and request
24 admonitions concerning various instances of prosecutorial
25 misconduct, impeach witness Rodriguez with prior convictions,
26 request a prophylactic gang evidence instruction, object to
27 unspecified, related misinstructions, challenge inflammatory gang
28 evidence, and request an instruction to prevent diminution of the

presumption of innocence all constituted prejudicial, ineffective assistance of counsel; 5) incorrect instructions on imperfect self-defense violated Petitioner's Fourteenth Amendment right to due process and a fair trial; and 6) cumulative prejudice from the matters forming the substance of many of the aforementioned claims violated Petitioner's right to due process of law. (Pet. 3-12.)

With respect to exhaustion, Petitioner alleges that he appealed to the Court of Appeal of the state of California in case number F058239. He further alleges that a petition for review was denied in March 2011. He also states that he did not seek review in the California Supreme Court. However, reference to the official website of the California courts[1] reflects that Petitioner did seek review of his criminal appeal in the California Supreme Court in case number S189392. Thus, it appears that Petitioner did seek review by the state's highest court of the state appellate court's ruling affirming the judgment.

Petitioner thus alleges in effect that he sought review. The issues he raises include 1) abuse of discretion by the trial court; 2) insufficient defense counsel; and 3) prosecutorial misconduct. (Pet. 13.) It thus appears that he did not raise the claims concerning instructional error and cumulative error. However, after listing the issues raised, Petitioner further

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010). The address of the official website of the California state courts is www.courts.ca.gov.

states, "INTER ALIA." (Id.)  Thus, it is unclear whether Petitioner exhausted his state court remedies as to all the claims and sub-claims raised in the petition that he has filed in this Court.

Petitioner has neither alleged that all his claims were presented to the California Supreme Court nor provided this Court with documentation showing that all the claims have been presented to the California Supreme Court.

Accordingly, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented at least one of his claims to the California Supreme Court.  If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).  It is possible, however, that Petitioner has presented all his claims to the California Supreme Court and simply neglected to inform this Court.

Thus, Petitioner must inform the Court if his claim concerning ineffective assistance of counsel has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.  Petitioner will be granted thirty (30) days in which to respond to the Court's order.

IV.   State Law Claim

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal

laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616 (9th Cir. 2002) (a claim challenging state court's discretionary decision concerning application of state sentencing law presented only state law issues and was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

　　　Here, Petitioner's first claim is that the trial court abused its discretion in not granting Petitioner's motion for a severance of counts 1 and 2, on the one hand, and counts 3 through 7, on the other because the offenses were not subject to joinder under Cal. Pen. Code § 954. (Pet. 3.) Petitioner's claim is based solely on state law. Thus, it is not a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

　　　Because the defect in Petitioner's claim is due to the nature of the claim and not any defect in facts, granting leave to amend would be futile.

Accordingly, Petitioner's state law claim will be dismissed without leave to amend.

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's state law claim concerning denial of a motion for a severance of counts is DISMISSED without lave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition to name a proper respondent. Failure to move to amend the petition and state a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction; and

3) Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies as to all his claims. Petitioner is ORDERED to inform the Court within thirty (30) days of the date of service of this order whether or not all his claim have been presented to the California Supreme Court.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   April 20, 2012**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE