UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGARDO ALONSO, | ) | 1:12-cv–00359-SKO-HC |
| | ) | |
|         Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO AMEND THE PETITION TO |
| | ) | CHANGE THE NAME OF RESPONDENT |
|   v. | ) | (Doc. 8) |
| | ) | |
| M. D. BITER, Warden, | ) | ORDER DIRECTING THE CLERK TO |
| | ) | CHANGE THE NAME OF THE RESPONDENT |
|         Respondent. | ) | |
| | ) | ORDER DISCHARGING ORDER TO SHOW |
| | ) | CAUSE (Doc. 7) |

ORDER DIRECTING PETITIONER TO WITHDRAW HIS UNEXHAUSTED CLAIMS WITHIN THIRTY (30) DAYS OF SERVICE OR SUFFER DISMISSAL OF THE ACTION

DEADLINE: THIRTY (30) DAYS

    Petitioner is proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 22, 2012 (doc. 4).

1

Pending before the Court are 1) Petitioner's motion to amend the petition to name a proper respondent, and 2) Petitioner's response to the Court's order to show cause why the petition should not be dismissed for failure to exhaust state court remedies.

## I. Motion to Amend the Petition to Name a Respondent

Pending before the Court is Petitioner's motion to amend the petition to name a proper respondent, filed on July 13, 2012, in response to the Court's order of April 23, 2012, granting Petitioner leave to file the motion.

Petitioner requests that M. D. Biter, Warden of the Kern Valley State Prison where Petitioner is incarcerated, be named as Respondent in this matter.

A petitioner seeking habeas relief must name the state officer having custody of him or her as the respondent to the petition. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Generally, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). Therefore, Petitioner's request will be granted.

## II. Discharge of the Order to Show Cause

On April 23, 2012, the Court issued an order to Petitioner to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies with respect to his claims. The order was served by mail on Petitioner on the

same date.

On July 13, 2012, after receiving an extension of time to file his response, Petitioner filed a response to the order to show cause which the Court deems timely.

Accordingly, the order to show cause will be discharged.

### III. Failure to Exhaust State Court Remedies as to Some Claims

#### A. Background

Petitioner alleges that he is an inmate of the Kern Valley State Prison (KVSP) serving a sentence of fifty-four years to life imposed in the Tulare County Superior Court in June 2009 for attempted murder with gang and gun enhancements. (Pet. 2.) Petitioner raised the following claims in the petition:  1) the trial court abused its discretion in denying Petitioner's motion to sever counts 1 and 2 from counts 3 through 7 because counts 3 through 7 were not eligible for joinder under Cal. Pen. Code § 954; 2) the failure to sever and the introduction of inflammatory gang predicate evidence violated Petitioner's right to due process and a fair trial; 3) the prosecutor committed prejudicial misconduct by vouching for two key prosecution witnesses and impeaching a defense witness with a non-existent criminal offense, which violated Petitioner's Fourteenth Amendment right to due process and a fair trial; 4) trial counsel's failure to impeach witness Rodriguez with prior convictions, request an instruction limiting use of the evidence of gang activity, object to the court's directions regarding gang expert testimony, object on the basis of due process and pursuant to Cal. Evid. Code § 352 to predicate crime gang evidence,

3

request an in-custody protective instruction, object and request admonitions concerning various instances of prosecutorial misconduct, impeach witness Rodriguez with prior convictions, request a prophylactic gang evidence instruction, object to unspecified, related misinstructions, challenge inflammatory gang evidence, and request an instruction to prevent diminution of the presumption of innocence all constituted prejudicial, ineffective assistance of counsel; 5) incorrect instructions on imperfect self-defense violated Petitioner's Fourteenth Amendment right to due process and a fair trial; and 6) cumulative prejudice from the matters forming the substance of many of the aforementioned claims violated Petitioner's right to due process of law.  (Pet. 3-12.)

The Court notes that Petitioner's first claim was dismissed without leave to amend as a state law claim.

In the order to show cause, the Court noted that with respect to exhaustion, Petitioner alleges he presented the following issues to the California Supreme Court: 1) abuse of discretion by the trial court; 2) insufficient defense counsel; and 3) prosecutorial misconduct.  (Pet. 13.)  It thus appears from the petition that Petitioner did not raise the claims concerning instructional error and cumulative error, although Petitioner's allegations are not sufficiently precise to be understood with certainty.

In his response to the order to show cause, Petitioner states that he failed to exhaust state court remedies with respect to the second claim concerning a violation of due process and the right to a fair trial by the failure to sever or

bifurcate gang evidence, the fifth claim concerning instructional error with respect to imperfect self-defense, and the sixth claim concerning cumulative prejudice from a combination of some of the other errors. (Response, doc. 9, 2-3.) Petitioner admits that his petition is a "mixed" petition containing some unexhausted claims and some claims as to which state court remedies were exhausted.

Petitioner requests that the Court either dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the unexhausted claims, or give Petitioner an opportunity to amend the petition to delete the unexhausted claims and permit review of the properly exhausted claims. (Id. at 2-3.)

B.   Legal Standards

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

5

1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims

6

> in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Further, where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend

7

a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

### C. Analysis

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

### IV. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion for leave to amend the petition to name M. D. Biter, Warden, as Respondent in this matter is GRANTED; and

2) The Clerk of Court is DIRECTED to change the name of Respondent to "M. D. Biter, Warden"; and

3) The order to show cause that issued on April 23, 2012, is DISCHARGED; and

4) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to

///

///

///

state court to exhaust the unexhausted claims and will therefore dismiss the petition without prejudice.[1]

IT IS SO ORDERED.

**Dated:   November 6, 2012**             /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001).

Petitioner is further informed that the Supreme Court has held in pertinent part:

[I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b). Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.