UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGARDO ALONSO, | ) | 1:12-cv—00359-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS WITHOUT |
| | ) | PREJUDICE (DOC. 1) |
| v. | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| M. D. BITER, Warden, | ) | CERTIFICATE OF APPEALABILITY AND |
| | ) | DIRECTING THE CLERK TO CLOSE THE |
| Respondent. | ) | ACTION |
| | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on March 22, 2012 (doc. 4). Pending before the Court is the petition, which was filed on March 9, 2012.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491. Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Background

Petitioner alleges that he is an inmate of the Kern Valley State Prison (KVSP) serving a sentence of fifty-four years to life imposed in the Tulare County Superior Court in June 2009 for attempted murder with gang and gun enhancements. (Pet. 2.) Petitioner raises the following claims in the petition: 1) the

2

1  trial court abused its discretion in denying Petitioner's motion
2  to sever counts 1 and 2 from counts 3 through 7 because counts 3
3  through 7 were not eligible for joinder under Cal. Pen. Code
4  § 954; 2) the failure to sever and the introduction of
5  inflammatory gang predicate evidence violated Petitioner's right
6  to due process and a fair trial; 3) the prosecutor committed
7  prejudicial misconduct by vouching for two key prosecution
8  witnesses and impeaching a defense witness with a non-existent
9  criminal offense, which violated Petitioner's Fourteenth
10 Amendment right to due process and a fair trial; 4) trial
11 counsel's failure to impeach witness Rodriguez with prior
12 convictions, request an instruction limiting use of the evidence
13 of gang activity, object to the court's directions regarding gang
14 expert testimony, object on the basis of due process and pursuant
15 to Cal. Evid. Code § 352 to predicate crime gang evidence,
16 request an in-custody protective instruction, object and request
17 admonitions concerning various instances of prosecutorial
18 misconduct, impeach witness Rodriguez with prior convictions,
19 request a prophylactic gang evidence instruction, object to
20 unspecified, related misinstructions, challenge inflammatory gang
21 evidence, and request an instruction to prevent diminution of the
22 presumption of innocence all constituted prejudicial, ineffective
23 assistance of counsel; 5) incorrect instructions on imperfect
24 self-defense violated Petitioner's Fourteenth Amendment right to
25 due process and a fair trial; and 6) cumulative prejudice from
26 the matters forming the substance of many of the aforementioned
27 claims violated Petitioner's right to due process of law.  (Pet.
28 3-12.)

Petitioner's first claim concerning severance was dismissed without leave to amend as a state law claim. Petitioner had neither alleged that all his claims were presented to the California Supreme Court nor provided this Court with documentation showing that all the claims had been presented to the California Supreme Court. Accordingly, this Court issued an order to Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies as to some of the claims. The order also permitted Petitioner to move to amend the petition to name a proper respondent in order to avoid dismissal for lack of subject matter jurisdiction.

The order to show cause (OSC) issued on April 23, 2012, and was served by mail on Petitioner on the same date. (Doc. 5.) Petitioner responded to the OSC and moved to amend the petition to name a proper respondent. On November 7, 2012, the petition was amended to name the present respondent, and the order to show cause was discharged.

With respect to exhaustion, the Court noted in the order to show cause that in substance, Petitioner had alleged in the petition that he had presented to the California Supreme Court the following issues: 1) abuse of discretion by the trial court; 2) inadequate defense counsel; and 3) prosecutorial misconduct. (Pet. 13.) Although Petitioner's allegations were not sufficiently precise to be understood with certainty, it appeared that Petitioner did not raise the claims concerning instructional error and cumulative error.

In his response to the order to show cause, Petitioner stated that he failed to exhaust state court remedies with

4

respect to the second claim concerning a violation of due process and the right to a fair trial by the failure to sever or bifurcate gang evidence, the fifth claim concerning instructional error with respect to imperfect self-defense, and the sixth claim concerning cumulative prejudice from a combination of some of the other errors. (Response, doc. 9, 2-3.)  Petitioner admitted that his petition is a "mixed" petition containing some unexhausted claims and some claims as to which state court remedies were exhausted.  Petitioner requested that the Court either dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the unexhausted claims, or give Petitioner an opportunity to amend the petition to delete the unexhausted claims and permit review of the properly exhausted claims.  (Id. at 2-3.)

On November 7, 2012, the Court directed Petitioner to withdraw his unexhausted claims within thirty days of service or suffer dismissal of the petition.  The order was served by mail on Petitioner on the same date.  Petitioner has not responded to the Court's order.

### III.  Dismissal without Prejudice for Failure to Exhaust State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10 (1992), <u>superceded by statute as stated in Williams v. Taylor</u>, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a

6

> habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  Further, where some claims are exhausted

and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

As Petitioner acknowledges, he has not exhausted his state court remedies as to some of the claims in the instant petition. Accordingly, the instant petition is a mixed petition containing exhausted and unexhausted claims. Petitioner has been given an opportunity to withdraw the unexhausted claims and to proceed on the fully exhausted claims; however, Petitioner failed to

withdraw the unexhausted claims. The Court must thus dismiss the petition without prejudice.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an

applicant to show that the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice[1] for Petitioner's failure to exhaust state court remedies; and

---

[1] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies.  However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court.  <u>Duncan v. Walker</u>, 533 U.S. 167, 172 (2001).

Petitioner is further informed that the Supreme Court has held in pertinent part:
> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice.  Fed. Rules Civ. Proc. 41(b).  <u>Slack v. McDaniel</u>, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

10

3)   The Court DECLINES to issue a certificate of appealability; and

4)   The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:   January 4, 2013**                              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE